IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SIDRONIO CASTILLO-OLASCUAGA,<br>ID # 49306-177,<br>    Movant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | No. 3:20-CV-41-M (BH)<br>No. 3:15-CR-153-M-1 |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing the objections to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. The Court also finds the Defendant's argument of a conflict of interest of the Magistrate Judge to be frivolous.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, by separate judgment, the movant's claim in his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255 that the appellate court erred will be **DISMISSED** for lack or jurisdiction, and his remaining claims will be **DENIED with prejudice** as barred by the statute of limitations.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253© and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** the movant a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that

the movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event that the movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SIGNED this 28th day of February, 2020.**

**BARBARA M. G. LYNN**
**CHIEF JUDGE**

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.