IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SIDRONIO CASTILLO-OLASCUAGA, ID # 49306-177, | ) ) | |
| Movant, | ) | No. 3:20-CV-41-M (BH) |
| vs. | ) | No. 3:15-CR-153-M-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion for reconsideration Pursuant to Rule 59(e) and Request for evidentiary hearing Pursuant to Rule 8(c) of the Fed, Rules of Civ. Procedure*, received on March 24, 2020 (doc. 16). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On December 16, 2019, Sidronio Castillo-Olascuaga (Movant) filed a motion seeking modification of his term of imprisonment under Amendments 750 and 782 to the United States Sentencing Guidelines and the First Step Act of 2018. (*See* doc. 125.)[2] Because the motion presented grounds for relief that fell within the purview of 28 U.S.C. § 2255, by order dated January 6, 2020, the Court also liberally construed and characterized it in part as a § 2255 motion. (*See* doc. 132.) Movant had not designated his filing as a § 2255 motion or previously filed a § 2255 motion, so the order set forth the notice and warnings about the consequences of the characterization of the filing in part as a § 2255 motion, as required by *Castro v. United States*, 540 U.S. 375 (2003). (*See id.* at 2.) He was also given an opportunity to either withdraw the recharacterized § 2255 motion,

---

[1]By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2]Unless otherwise indicated, all document numbers refer to the criminal action, 3:15-CR-153-M-1.

or amend it so that it contained all of the grounds for relief that he believed were available to him under § 2255, within 20 days. (*See id.*)

Movant subsequently filed a motion seeking an additional 30 days to prepare and file his amended § 2255 motion. (*See* 3:20-CV-41-M-BH, doc. 7.) His motion was granted, and the 20-day deadline to comply with the order was extended 30 additional days, with a caveat regarding the applicability of the one-year statute of limitations set forth in § 2255(f). (*See id.*, doc. 8 at 2.)

On January 28, 2020, Movant filed his amended § 2255 motion and raised the following grounds: (1) the Fifth Circuit Court of Appeals applied an incorrect standard of review in affirming the judgment; (2) it was "judicial error" to allow a continuance of the sentencing hearing to permit additional testing of the evidence to increase the drug quantity attributed to him; (3) he received ineffective assistance of trial counsel; and (4) this Court erred in applying a two-level enhancement for the possession of a firearm. (*See id.*, doc. 9 at 7-8, 11-18.)

On February 7, 2020, it was recommended that Movant's claim of appellate error in the amended § 2255 motion be dismissed for lack of jurisdiction, and his remaining claims be denied with prejudice as barred by the statute of limitations. (*See id.*, doc. 11.) Movant filed objections, which were received on February 25, 2020. (*See id.*, doc. 12.) He argued that (1) this court has jurisdiction to address the alleged error by the Fifth Circuit; (2) even though his motion may be untimely, this court should still entertain it because the recharacterization "eliminated any time restraint and created a due process right"; and (3) even if his motion was untimely, he was entitled to the benefit of equitable tolling. (*See id.* at 4.) On February 28, 2020, Movant's objections were overruled, and the Court accepted the findings and recommendation, denied a certificate of appealability, and entered judgment. (*See id.*, docs. 13, 14.)

Movant's motion for relief from the judgment under Rule 59(e) of the Federal Rules of Civil Procedure was received on March 24, 2020. (*See id.*, doc. 16.) It specifically argues that:

> this court agreed to hear a belated 28 USC 2255 Collateral attack and appeal when it specifically ordered this petitioner to file such a document. The court knew or reasonably should have know that petitioner was well past the 1 year time frame after his case reached finality yet despite this fact the court ordered this petitioner to prepare and file his 28 USC 2255[.]

(*See* doc. 16 at 2.)

## II.  FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

By order dated January 6, 2020, the Court noted that Movant's filing presented grounds that were properly asserted under § 2255, so it characterized the filing as a § 2255 motion. (*See* 3:20-CV-41-M-BH, doc. 1.) Movant was given the warnings required under *Castro v. United States,* 540 U.S. 375, 383 (2003), that if he proceeded with his § 2255 motion, any future § 2255 motion would

3

be subject to the restrictions imposed on second or successive motions. (*See id*.) As a result, Movant was also given the opportunity to either withdraw his filing that had been characterized as a § 2255 motion, or file an amended motion that included all grounds for relief under § 2255 that he believed were available to him. (*See id*.) On January 22, 2020, he requested a 30-day extension of time within which to file an amended § 2255 motion. (*See id.*, doc. 7.) On January 28, 2020, the Court granted his motion and expressly warned him, "Because [the movant's] motions in the underlying criminal case was properly characterized in part as a § 2255 motion, **those filings and any amended § 2255 motion are also subject to the statute of limitations for § 2255 cases.** (*See id.*, doc. 8 at 2) (emphasis in original).

As noted in the findings, conclusions and recommendation dated February 7, 2020, § 2255 provides a one-year limitation period for filing motions under that section. (*See* doc. 11 at 3, citing 28 U.S.C. § 2255(f)). As also noted, the one-year period of limitations is not a jurisdictional bar, and it may be equitably tolled in appropriate exceptional circumstances. (*See id.* at 4; *see also Holland v. Florida*, 130 S.Ct. 2549 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling)). In addition to providing Movant the opportunity to present all of his § 2255 grounds, the warning about the application of the statute of limitations also provided him an opportunity to show why the statute of limitations should be equitably tolled. Movant's argument that he does not speak English and was assisted by a fellow inmate was specifically considered as a basis for equitably tolling of the statute of limitations. (*See* doc. 11 at 5-6.) The fact that it ultimately disagreed that the language barrier was a basis for equitable tolling does not mean that the Court failed to consider, or "hear", his argument.

Although the orders provided Movant an opportunity to show why the limitations period

should be equitably tolled, no where do they state that the Court was extending the statutory period of limitations because it simply does not have the authority to do so. Section 2255 does not authorize federal courts to prospectively extend, stop or toll the one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Federal courts lack jurisdiction to consider the timeliness of a § 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005) (per curiam) ("Before the [§ 2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'"). For this reason, the Court could not consider the timeliness of Movant's § 2255 claims until he actually filed them. Because Movant did not present a valid basis for equitable tolling of the statute of limitations, he has not met his burden to show that the "extraordinary remedy" under Rule 59(e) is warranted.

### III.  RECOMMENDATION

The motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) should be **DENIED**.

**SIGNED on this 25th day of March, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE